IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KELVIN J. MILES, #157867 * | |
| Petitioner, | |
| v. * | CIVIL ACTION NO. AW-05-2960 |
| PRINCE GEORGE'S COUNTY * | |
|  GOVERNMENT | |
| STATE'S ATTORNEY OFFICE * | |
| POLICE DEPARTMENT | |
| Respondents. * | |
| *** | |

## **MEMORANDUM**

A brief overview of Kevin Miles's writ-filing history in this court is warranted. He has filed approximately twenty-five federal habeas corpus petitions in this district with regard to his 1979 and 1980 Maryland convictions. The prior petitions were dismissed, either on the merits, as an abuse of the writ, or as successive.[1] Miles was repeatedly informed of the "gatekeeper" requirement for successive petitions under 28 U.S.C. § 2244(b)(3)(A). The most recent dismissals were entered in November of 2004 and April of 2005. *See Miles v. Warden*, Civil Action No. AW-04-3660 and *Miles v. Warden*, Civil Action No. AW-05-1139.[2]

The instant "Motion for Declaratory Judgment" was received by the Clerk on October 31, 2005.

---

[1] Petitioner's appeals were dismissed by the Fourth Circuit. *See Miles v. Rollins*, 887 F.2d 1080, 1989 WL 117864 (4th Cir., October 5, 1989); *Miles v. Rollins*, 927 F.2d 596, 1991 WL 22917 (4th Cir., Feb. 27, 1991); *Miles v. Waters*, 105 F.3d 647, 1997 WL 1876 (4th Cir., Jan. 7, 1997).

[2] The United States Court of Appeals for the Fourth Circuit dismissed the appellate filings. *See Miles v. Warden*, 2005 WL 900277 (4th Cir. April 18, 2005) (per curiam); *In re: Miles*, 143 Fed.Appx. 551 (4th Cir. Sept. 21, 2005) (per curiam).

Miles moves this court for a "declaratory" finding that: (i) there was no probable cause for his arrest on the statement of charges; (ii) he was not read his *Miranda* rights before being questioned; and (iii) his speedy trial rights were violated.   Paper No. 1.

The form and manner in which Miles presents this Motion for Declaratory Judgment is of no matter. The cause of action plainly represents yet another dogged attempt to invoke this court's habeas corpus jurisdiction in order to overturn Miles's Maryland convictions.  It had been construed as a successive 28 U.S.C. § 2254 petition, which shall be dismissed without prejudice pursuant to 28 U.S.C. § 2244(b)(3)(A).  A separate Order follows.


Date:  November 7, 2005                               /s/
                                              Alexander Williams Jr.
                                              United States District Judge